# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| **KEITH RUSSELL JUDD,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) No. 3:11-cv-530 |
| | ) |
| **DEPARTMENT OF STATE OF TENNESSEE,** *et al.*, | ) Judge Trauger |
| | ) |
| **Defendants.** | ) |

## ORDER

Plaintiff Keith Russell Judd, an inmate at the Federal Correctional Institution in Texarkana, Texas, brings this *pro se* action under 42 U.S.C. § 1983. (ECF No. 1.) Judd has submitted an application to proceed *in forma pauperis*. (ECF No. 2.)

The effect of the Prison Litigation Reform Act of 1995 ("PLRA") was to implement "constraints designed to prevent sportive filings in federal court." *Skinner v. Switzer*, 131 S. Ct. 1289, 1299 (2011). One particular constraint in the PLRA serves to bar prisoners from bringing a civil action or appealing a judgment in a civil action *in forma pauperis*, that is, without paying the full filing fee,

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). In other words a prisoner-plaintiff who falls within the scope of § 1915(g), while not precluded from filing a civil lawsuit in federal court, may not do so at taxpayer expense unless he is under imminent danger of serious physical injury. *Wilson v. Yaklich*, 148 F.3d 596,

603–04 (6th Cir. 1998), *cert. denied*, 525 U.S. 1139 (1999). Section 1915(g) does not provide an independent basis for dismissing a civil action brought by an inmate; rather, it authorizes the denial or revocation of a prisoner's pauper status. *Sweatt v. Campbell*, No. 99-6146, 2000 WL 658070, at *1 (6th Cir. May 9, 2000).

In the present suit, the plaintiff does not allege that he is under imminent danger of serious physical injury. Rather, he asserts claims based on the State of Tennessee's alleged violation of his right to vote in the Presidential Primary Election and his right to be placed on the ballot as a Democratic candidate for President of the United States in the State's 2012 Democratic Presidential Primary Election. In addition, while incarcerated, the plaintiff has already filed substantially more than three civil actions and appeals from civil judgments that have been dismissed on the grounds that they were frivolous. *See, e.g.*, *Judd v. U.S. Dist. Ct. for the W. Dist. of* Tex., 528 U.S. 5, 5–6 (1999) (denying Judd's motion to proceed *in forma pauperis* as frivolous, and barring prospective filing of *pro se* petitions for writ of certiorari or petitions for extraordinary writs in noncriminal matters based on prior frivolous filings in noncriminal actions); *Judd v. Fed. Election Comm'n*, 304 F. App'x 874 (D.C. Cir. 2008) (affirming district court's dismissal of complaint as frivolous); *Judd v. U.S. Dist. Ct. for the W. Dist. of Tex.*, 183 F. App'x 970, 974 (Fed. Cir. 2006) (taking note of numerous prior orders by that same court finding Judd's appeals frivolous and concluding that he was barred by 28 U.S.C. § 1915(g) from proceeding *pro se*); *Judd v. Winn*, 81 F. App'x 479, 480 (5th Cir. 2003) (dismissing appeal as frivolous and in violation of a prior sanction order, and ordering additional sanctions); *Judd v. Univ. of N.M.*, 204 F.3d 1041, 1044 (10th Cir. 2000) (detailing Judd's abusive filing history in that and other courts and, based on Judd's "repetitive, frivolous and malicious" filings in that court, enjoining Judd from proceeding as an appellant or

petitioner without the representation of a licensed attorney unless he obtained permission to proceed *pro se* by following certain specific steps).

Accordingly, plaintiff Keith Russell Judd is barred by § 1915(g) from proceeding *in forma pauperis*. The plaintiff's application to proceed as a pauper (ECF No. 2) is **DENIED**, and the plaintiff is direct to remit the full $350.00 filing fee within 30 days from the date of entry of this Order. The plaintiff is forewarned that failure to remit the full $350.00 filing fee within 30 days will result in dismissal of this action for failure to prosecute. In that event, the full amount of the filing fee will still be assessed against him and collected from his inmate trust account. An extension of time to pay the filing fee may be requested from this Court if a motion for an extension of time is filed within 30 days of the date of entry of this Order.

It is so **ORDERED**.

Aleta A. Trauger
United States District Judge