IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ARCHIE TYRONE WILSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| ) | CASE NO. 3:11-0530 |
| v. ) | JUDGE TRAUGER / KNOWLES |
| ) | |
| ) | |
| ABL FOOD SERVICES, et al., ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

### I. Introduction and Background

This matter is before the Court upon two Motions for Summary Judgment; one filed by Defendants ABL Food Services Inc., and Vernistine Dulin ("ABL Defendants")(Docket No. 70), and the other filed by Defendant Metropolitan Government of Nashville and Davidson County ("Metro Government")(Docket No. 74). Along with their Motion, the ABL Defendants have filed a supporting Memorandum of Law (Docket No. 71), a Statement of Material Facts (Docket No. 72), Plaintiff's Inmate Charge Summary sheet (Docket No. 70-1), the Affidavit of Director of Human Resources for ABL Management, Inc., Richard McLaren (Docket No. 70-2), the Affidavit of Senior Food Service Director at ABL Management, Inc., Defendant Vernistene Dulin (Docket No. 70-3), and Plaintiff's responses to their First Set of Interrogatories (Docket No. 73-1).

Defendant Metro Government adopts and incorporates the ABL Defendants' submissions, and has additionally filed its own supporting Memorandum of Law (Docket No.

1

75) and Statement of Undisputed Facts (Docket No. 76).

Plaintiff has filed a document entitled "Plaintiff's Response to the Defendants' Rule 56 Motion For Summary Judgment" (Docket No. 77), which does not actually respond to Defendants' Motions or to the issues discussed therein. Rather, Plaintiff's "Response" argues that Defendants' Motions are "premature" because "Plaintiff and Defendants were in the middle of the Discovery proceeding," and Defendants have "failed to provide" Plaintiff with the "needed" and requested documents. *Id.* Plaintiff has not filed any type of Response to either Defendants' Statement of Facts, nor has he filed his own Statement of Undisputed Facts.

Plaintiff, who, at all times relevant to the case at bar, was a pre-trial detainee housed at the Davidson County Criminal Justice Center ("CJC"), in Nashville, Tennessee, filed this pro se action pursuant to 42 U.S.C. § 1983, alleging that his rights were violated because Defendants did not provide him with meals that complied with the directions of his physician. Docket No. 8, Amended Complaint.

Specifically, Plaintiff sues the instant Defendants because:

> (1) I was placed on 6 meal (pancreas diet) (Lactose Intollerent). Due to me having cronic pancreatitives I am to get 6 meal a day. The AbL food service provider didn't bring my food to me in a timely manner and when they finally did bring it they didn't follow the doctor order and my trays and diet sacks food be totally against what the doctor order was for me. . . . (2) Vernistine Dulin, is the overseer of the food preparation and Ms. Dulin do not make sure my food is prepared correct and she is in direct participation of violating the Doctor order and my constitutional rights and deliberate indifference toward my serious medical needs. (3) Metropolitan Government is on contract with a very inadequate food service provider. Prison officials do have a constitutional obligation to accommodate special diets required for medical reasons and Metro Government have not made sure AbL accommodate my special diets for medical reasons. The food handlers are not medically certified. Metro Government has been

2

> indirect participation in violating my constitutional rights.

*Id.*

Plaintiff sues the ABL Defendants in their individual and official capacities, and sues Defendant Metro Government in its official capacity. *Id.* Plaintiff seeks $200,000 from each Defendant for each of the following: physical anguish; mental anguish; emotional anguish; spiritual anguish; and punitive damages. *Id.*

The ABL Defendants filed the instant Motion for Summary Judgment and supporting materials asserting that they are not liable to Plaintiff in their individual capacities because: (1) they were not directly involved in the alleged constitutional violations; (2) Plaintiff did not suffer an objectively serious deprivation of care; and (3) they were not deliberately indifferent to Plaintiff's health or safety. Docket No. 70. The ABL Defendants also argue that they are not liable to Plaintiff in their official capacities because: (1) no underlying constitutional violation exists; and (2) Plaintiff did not suffer any constitutional violation as a result of an ABL custom or policy. *Id.*

Defendant Metro Government filed the instant Motion for Summary Judgment and supporting materials asserting that it is not liable to Plaintiff in its official capacity because Plaintiff has failed to allege or produce evidence to establish that a Metro Government custom, policy, or practice was the moving force behind any constitutional violation, much less that Plaintiff suffered a constitutional violation at all. Docket No. 75.

For the reasons set forth below, the undersigned recommends that Defendants' Motions for Summary Judgment (Docket Nos. 70, 74) be GRANTED.

## II. Undisputed Facts[1]

At all times relevant to this action, Plaintiff was a pre-trial detainee housed since June 15, 2010, at the Davidson County Criminal Justice Center ("CJC"), in Nashville, Tennessee. Docket No. 70-1, Inmate Charge Summary. *See also,* Docket Nos. 1, 8, Complaint and Amended Complaint.

ABL Food, Inc., is a Louisiana corporation, with its principal office located in Baton Rouge, Louisiana, that is authorized to conduct business in the State of Tennessee. Docket No. 70-2, Affidavit of Richard McLaren, ¶ 3. Pursuant to a contract between ABL Food, Inc., and the Davidson County Sheriff's Department, ABL Food, Inc., provides all food services at the CJC. *Id.* No ABL shareholders, directors, or corporate officers had any direct contact with Plaintiff. *Id.*, ¶ 4. Defendant ABL does not have a custom or policy to deny "inmates/pre-trial detainees" any medically necessary diet that has been ordered by a medical professional. *Id.*, ¶ 5.

At the time of her Affidavit, Defendant Dulin had been an employee of Defendant ABL for approximately five years, and had held the title of Senior Food Services Director at ABL for approximately three years. Docket No. 70-3, Affidavit of Vernistene Dulin, ¶¶ 2, 3. Defendant Dulin's office is located at the Davidson County detention complex on Harding Place Road. *Id.*, ¶ 4. As the Senior Food Service Director at ABL, Defendant Dulin's job duties are administrative in nature. *Id.*, ¶ 5. Any interaction Defendant Dulin may have with inmates would generally involve interaction with the inmates that work in the CJC kitchen. *Id.*, ¶ 6.

---

[1] Unless otherwise noted, the following facts are in a form required by Fed. R. Civ. P. 56 and are undisputed.

Defendant Dulin has never spoken with Plaintiff, and has interacted with Plaintiff only through the written grievance process. *Id.*, ¶ 7. During Plaintiff's incarceration at the CJC, Defendant Dulin never received notice from any source that Plaintiff's health was or could have been in danger from the ABL provided diet (*id.*, ¶ 8), or that the diet provided to Plaintiff by ABL failed to comply with proper nutritional guidelines (*id.*, ¶ 9).

Pursuant to the Scheduling Order in this case, the discovery cut-off deadline was April 14, 2012. Docket No. 31.

When asked in his First Set of Interrogatories to "[s]pecifically indicate what **each** Defendant did or failed to do, which resulted in a violation of [his] constitutional rights," Plaintiff did not do so, responding simply that if Defendants did not know what was going on, they "had the responsibility to know, and to take necessary steps to refrain." Docket No. 73-1, ¶ 9.

When asked in his First Set of Interrogatories to "specifically indicate each custom or policy which resulted in a violation of [his] constitutional rights" and to specify any factual occurrences which he alleges demonstrate the existence of such a custom or policy, Plaintiff did not do so, but rather, responded that Defendants were named for violations of his Sixth, Eighth, and Fourteenth Amendment rights. *Id.*, ¶ 10.

### III.  Analysis

**A.  Local Rules 7.01(b) and 56.01(c) and (g)**

Local Rule 7.01(b) states, in pertinent part:

> Each party opposing a motion shall serve and file a response, memorandum, affidavits, and other responsive material not later than fourteen (14) days after service of the motion, except, that in cases of a motion for summary judgment, that time shall be

5

> twenty-one (21) days after the service of the motion, unless
> otherwise ordered by the Court. Failure to file a timely response
> shall indicate that there is no opposition to the motion.

Defendants filed the pending Motions on April 13, 2012 and April 25, 2012. Docket Nos. 70, 74. On May 29, 2012, Plaintiff filed a document entitled "Plaintiff's Response to the Defendants' Rule 56 Motion For Summary Judgment," which does not actually respond to Defendants' Motions or to the issues discussed therein. Docket No. 77.

With respect to Motions for Summary Judgment specifically, Local Rules 56.01(c) and (g) state, in pertinent part:

> c. Any party opposing the motion for summary judgment must respond to each fact set forth by the movant ...
>
> . . .
>
> g. Failure to respond to a moving party's statement of material facts, or a non-moving party's statement of additional facts, within the time periods provided by these Rules shall indicate that the asserted facts are not disputed for the purposes of summary judgment.

Plaintiff has failed to respond to Defendants' Statements of Material Facts. Pursuant to Local Rule 56.01(g), Plaintiff's failure to respond indicates "that the asserted facts are not disputed for the purposes of summary judgment." Accordingly, there are no genuine issues as to any material fact and all that remains to be determined is whether Defendants are entitled to a judgment as a matter of law.

**B. Motion for Summary Judgment**

It would be inappropriate to grant Defendants' Motions solely on the ground that Plaintiff has failed to appropriately respond to the Motions. *See Stough v. Mayville Community Schools*, 138 F.3d 612, 614 (6th Cir. 1998). As the Sixth Circuit has stated:

> [A] district court cannot grant summary judgment in favor of the movant simply because the adverse party has not responded. The Court is required, at a minimum, to examine the movant's Motion for Summary Judgment to ensure that he has discharged [his initial] burden ... The federal rules require that the party filing a Motion for Summary Judgment "always bears the burden of demonstrating the absence of a genuine issue as to a material fact."

*Id.* (citations omitted). The Court will, therefore, consider whether Defendants have met their burdens under the appropriate summary judgment standards discussed below. Under Fed. R. Civ. P. 56(c), summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." A dispute is "genuine" only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986).

In order to prevail on a Motion for summary judgment, the moving party must meet the burden of proving the absence of a genuine issue as to material fact concerning an essential element of the opposing party's claim. *Celotex v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 265 (1986); *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir. 1989). In determining whether the moving party has met its burden, the Court must view the evidence in the light most favorable to the nonmoving party. *Matsushita Electric Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986).

Fed. R. Civ. P. 56 provides that the nonmoving party may not rest upon the mere allegations or denials of his or her pleading, but his or her response, by affidavits or otherwise, must set forth specific facts showing that there is a genuine issue for trial. If a nonmoving party,

however, fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial, there is no genuine issue as to any material fact because a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. *Celotex*, 477 U.S. at 322-23, 106 S. Ct. at 2552, 91 L. Ed. 2d at 273. When this occurs, the moving party is entitled to summary judgment as a matter of law. *Id.* at 322-23, 106 S. Ct. at 2552; *Williams v. Ford Motor Co.,* 187 F.3d 533, 537-38 (6th Cir. 1999).

### C. 42 U.S.C. § 1983

Plaintiff avers that Defendants violated his Sixth, Eighth, and Fourteenth Amendment rights pursuant to 42 U.S.C. § 1983. *See* Docket Nos. 1, 8. Section 1983 provides, in part, that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress...

Thus, in order to state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48, 108 S. Ct. 2250, 2254-55 (1988)*, citing Parratt v. Taylor,* 451 U.S. 527, 535, 101 S. Ct. 1908, 1913, 68 L. Ed. 2d 420 (1981) (overruled in part on other grounds, *Daniels v. Williams,* 474 U.S. 327, 330-331, 106 S. Ct. 662, 88 L. Ed. 2d 662 (1986)); *Flagg Bros., Inc. v. Brooks,* 436 U.S. 149, 155, 98 S. Ct. 1729, 1733, 56 L. Ed. 2d 185 (1978). The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised

8

power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *Id.* at 49, 108 S. Ct. 2255, *quoting United States v. Classic,* 313 U.S. 299, 326, 61 S. Ct. 1031, 1043, 85 L. Ed. 1368 (1941).

**D. The Case at Bar**

As has been noted, Plaintiff avers that Defendants violated his Sixth, Eighth, and Fourteenth Amendment rights pursuant to 42 U.S.C. § 1983.

With regard to corporate Defendant ABL, Plaintiff avers that it is liable to him because:

> (1) I was placed on 6 meal (pancreas diet) (Lactose Intollerent). Due to me having cronic pancreatitives I am to get 6 meal a day. The AbL food service provider didn't bring my food to me in a timely manner and when they finally did bring it they didn't follow the doctor order and my trays and diet sacks food be totally against what the doctor order was for me. . . .

Docket No. 8, Amended Complaint.

As an initial matter, Defendant ABL, as a corporation that contracts with the State to provide food to inmates, is considered a state actor for purposes of §1983. *See Lucas v. Aramark Corrections Food Service*, 2010 WL 59194, 1 (W.D.Ky. 2010), *citing Hicks v. Frey,* 992 F.2d 1450, 1458 (6th Cir.1993); *West v. Atkins,* 487 U.S. 42, 54 (1988). Plaintiff seeks to impose liability on corporate Defendant ABL based on the conduct of its employees. A corporation, however, cannot be vicariously liable under § 1983 for the acts of an employee. *See, e.g., Street v. Corr. Corp. of Am.,* 102 F.3d 810, 818 (6th Cir.1996) (*citing Harvey v. Harvey,* 949 F.2d 1127, 1129-30 (11th Cir.1992). Additionally, Plaintiff has failed to identify any official ABL policy, practice, or custom which allegedly violated his rights. *Monell*, 436 U.S. at 694. Accordingly, Plaintiff fails to state a valid § 1983 action against corporate Defendant ABL.

With regard to Plaintiff's claims against Defendant Dulin, Senior Food Service Director,

9

Plaintiff avers that:

> (2) Vernistine Dulin, is the overseer of the food preparation and Ms. Dulin do not make sure my food is prepared correct and she is in direct participation of violating the Doctor order and my constitutional rights and deliberate indifference toward my serious medical needs.

Docket No. 8, Amended Complaint.

Inasmuch as Plaintiff seeks to impose liability upon Ms. Dulin simply because she is "the overseer of the food preparation" Plaintiff's claim fails, because, as has been noted, §1983 liability cannot be predicated upon the theory of *respondeat superior*. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981). *See also, Monell*, 436 U.S. at 694; *Street,* 102 F.3d at 818.

In order for Defendant Dulin to be held liable in her individual capacity, therefore, Plaintiff must demonstrate that she personally condoned, encouraged, or participated in the conduct that allegedly violated his rights. *Birrell v. Brown*, 867 F.2d 956, 959 (6th Cir. 1989) (citations omitted). *See also, Bellamy v. Bradley,* 729 F.2d 416, 421 (6th Cir. 1984) (*citing Hays v. Jefferson County,* 668 F. 2d 869, 872-74 (6th Cir. 1982) (The supervisor must have "at least implicitly authorized, approved or knowingly acquiesced in" the misconduct.) Conclusory allegations are not enough. *See Street,* 886 F.2d at 1479. *See also, Anderson,* 477 U.S. at 257; *Nix v. O'Malley,* 160 F.3d 343, 347 (6th Cir. 1998); *Lujan v. National Wildlife Fed'n,* 497 U.S. 871, 888, 110 S. Ct. 3177, 3188, 111 L. Ed. 2d 695 (1990); *McDonald v. Union Camp Corp.,* 898 F.2d 1155, 1162 (6th Cir. 1990). Plaintiff must establish a "causal connection between the misconduct complained of and the official sued." *Dunn v. State of Tennessee*, 697 F.2d 121, 128 (6th Cir. 1982).

It is undisputed that the only interaction Defendant Dulin had with Plaintiff was through

the grievance process. Dulin Aff, ¶ 7. Although Plaintiff apparently submitted grievances to, and received responses from, Defendant Dulin as the Senior Food Service Director, supervisory liability cannot be based upon the failure to act, or simply because a supervisor denied a grievance or failed to act based upon information contained in a grievance. *See Summers v. Leis,* 368 F.3d 881, 888 (6th Cir.2004); *Shehee v. Luttrell,* 199 F.3d 295, 300 (6th Cir. 1999). Merely bringing a problem to the attention of a supervisory official is not sufficient to impose liability. *See Shelly v. Johnson,* 684 F.Supp. 941, 946 (W.D. Mich.1987).

Moreover, it is undisputed that Defendant Dulin never received notice from any source that Plaintiff's health was or could have been in danger from the ABL provided diet (Dulin Aff., ¶ 8), or that the diet provided to Plaintiff by ABL failed to comply with proper nutritional guidelines (*id.,* ¶ 9). Plaintiff cannot sustain his individual capacity claim against Defendant Dulin.

In as much as Plaintiff seeks to impose liability upon Defendant Dulin in her official capacity, Defendant Dulin cannot be held liable under § 1983 if there is no underlying constitutional violation. *See, e.g., City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986). Accordingly, Plaintiff cannot sustain § 1983 claims against Defendant Dulin in her official capacity.

With regard to Plaintiff's official capacity claim against Defendant Metro Government, Plaintiff's allegations against Metro Government are as follows:

> (3) Metropolitan Government is on contract with a very inadequate food service provider. Prison officials do have a constitutional obligation to accommodate special diets required for medical reasons and Metro Government have not made sure AbL accommodate my special diets for medical reasons. The food handlers are not medically certified. Metro Government has been

indirect participation in violating my constitutional rights.

Docket No. 8, Amended Complaint.

As can be seen, Plaintiff does not identify any individual employed by Metro Government who caused him harm. Moreover, Plaintiff does not identify, or even allege, that any official Metro Government policy, practice, or custom caused him harm. As has been discussed, §1983 liability cannot be predicated upon the theory of *respondeat superior*. *Polk County,* 454 U.S. at 325*, Monell*, 436 U.S. at 694; *Street,* 102 F.3d at 818. Because Plaintiff has failed to identify any Metro Government employee who violated his rights and has further failed to allege that any official Metro Government policy, practice, or custom caused him harm, Plaintiff cannot sustain his official capacity claim against Defendant Metro Government.

## IV. Conclusion

For the foregoing reasons, the undersigned concludes that there are no genuine issues of material fact and that Defendants are entitled to a judgment as a matter of law. Accordingly, the undersigned recommends that Defendants' Motions for Summary Judgment (Docket Nos. 70, 74) be GRANTED.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this

Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

_____
E. CLIFTON KNOWLES
United States Magistrate Judge